IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARC NORFLEET, )
)
    Plaintiff, )
)
vs. ) Case No. 18-cv-2110-SMY
)
)
KENT BROOKMAN, )
JASON HART, )
DIRECTOR JOHN BALDWIN, )
SHERRY BENTON, )
And JACQUELINE LASHBROOK, )
)
    Defendants. )

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case was severed from *Norfleet v. Baldwin*, Case No. 18-cv-1758-MJR. (Doc. 1). It contains the following claim designated as Count 21 in the original case:

> **Count 21:** Brookman, Hart, Baldwin, Benton, and Lashbrook deprived Plaintiff of his due process rights at Menard Correctional Center under the Fourteenth Amendment when they disciplined him on March 21, 2017 without sufficient evidence for spitting in an employee's face at Big Muddy Correctional Center.

Following severance, Plaintiff filed a motion seeking leave to amend his claim in Count 21 (Doc. 14) but failed to provide the Court with a proposed Amended Complaint as required by SDIL Local Rule 15.1. Therefore, the Motion to Amend is **DENIED** and the Court will analyze Plaintiff's claim in Count 21 as set forth in his original Complaint. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is

1

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations relevant to Count 21: On March 12, 2017, Plaintiff was issued a disciplinary report at Big Muddy Correctional Center ("Big Muddy"). (Doc. 2, p. 41). The disciplinary report alleges that Plaintiff refused to allow inspection of his mouth during the medline and that he spit in the nurse's face. (*Id*. at p.43). The report refers to Plaintiff's history of non-compliance which Plaintiff believes the ticket-writer could not have been aware of as he had only been at Big Muddy for 10 days. (*Id*. at pp. 43-44). The ticket also lists a correctional officer ("CO") who was not present during the incident as a witness. (*Id.* at p. 44). Plaintiff was not allowed to acknowledge receipt of the ticket and was immediately transferred to Menard Correctional Center ("Menard") (*Id*. at p. 42). He submitted a written statement to Brookman and Hart and informed Baldwin, Benton, and Lashbrook of the statement. (*Id*.). He requested that they call his escort, C/O Walker, who was a witness to the event, as well as the nurse. (*Id*. at p. 45). The defendants did not investigate the incident or call the individual who wrote the ticket. Instead, they relied on the statements in the ticket to find Plaintiff guilty. Defendants violated Plaintiff's due process rights by failing to acknowledge his request for witnesses and by failing to properly investigate the ticket. As a result of the incident, Plaintiff received 1 year C grade, 1 year segregation, 1 year commissary restriction, and 6 months no contact visits. (*Id*. at p. 46). Plaintiff forwarded his written request for an investigation to Benton, Baldwin, and Lashbrook, but the guilty finding was upheld. (*Id*. at p. 45).

**Discussion**

Given the duration of Plaintiff's term in segregation as a result of the ticket, the confinement could constitute an "atypical and significant hardship," thus triggering due process protections. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013); *Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014) (citing *Marion*, 559 F.3d at 698-99 n. 4)) (terms approaching one year "may trigger a cognizable liberty interest without any reference to conditions"). Due process protections require that an inmate receive "advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation supported by at least 'some evidence' in the record, for any disciplinary action taken." *Langstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (citations omitted). Plaintiff alleges that he was not allowed to present witness testimony and that Defendants did not investigate the incident but instead, relied solely on the disciplinary report. Therefore, Count 21 will proceed against Kent Brookman, Jason Hart, John Baldwin, Sherry Benton, and Jacqueline Lashbrook.

**Disposition**

**IT IS HEREBY ORDERED** that Count 21 shall proceed against Kent Brookman, Jason Hart, John Baldwin, Sherry Benton, and Jacqueline Lashbrook.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Kent Brookman, Jason Hart, John Baldwin, Sherry Benton, and Jacqueline Lashbrook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal

service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/8/2019**

/s/ *Staci M. Yandle*
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**