IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARC NORFLEET, R57214,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:18-cv-02110-SMY |
| ) | |
| **KENT BROOKMAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 46). For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Marc Norfleet, an inmate in the Illinois Department of Corrections ("IDOC"), filed a Complaint pursuant to 42 U.S.C. § 1983 against numerous defendants in *Norfleet v. Baldwin et. al,* 18-cv-1758-MJR. The claim designated as Count 21 was severed and became the instant lawsuit. Relative to that claim, Norfleet asserts that Adjustment Committee Members Brookman and Hart, Warden Lashbrook, Administrative Review Board ("ARB") Member Benton, and IDOC Director Baldwin violated his Fourteenth Amendment due process rights related to disciplinary proceedings. (Docs. 1, 2, 15).

Norfleet makes the following allegations in the Complaint with respect to Count 21 (Doc. 2): Norfleet was issued a disciplinary report at Big Muddy Correctional Center. The disciplinary report alleges that Norfleet refused to allow inspection of his mouth during medline on March 12, 2017, and that he spit in the nurse's face. (Doc. 2, pp. 41, 43). Norfleet submitted a written statement to Brookman and Hart and later told Baldwin and Benton about the statement. (*Id.*, p.

42).  Defendants did not investigate the incident or call the individual who wrote the ticket or any witnesses.  (*Id*. at p. 45).  Instead, they relied on the statements in the disciplinary report to find Norfleet guilty.  Defendants violated Norfleet's due process rights by failing to acknowledge his request for witnesses and by failing to properly investigate the ticket.  Norfleet forwarded his written request for an investigation to Benton, Baldwin, and Lashbrook, but the guilty finding was upheld.

Following preliminary review of the Complaint under 28 U.S.C. § 1915A, Norfleet is proceeding on the following claim:

> Count 21:   Brookman, Hart, Baldwin, Benton, and Lashbrook deprived Norfleet of his due process rights at Menard Correctional Center under the Fourteenth Amendment when they disciplined him on March 21, 2017 without sufficient evidence for spitting in an employee's face at Big Muddy Correctional Center.

Defendants filed a motion for summary judgment supported by documentary evidence and the Declarations of John Baldwin and Jacqueline Lashbrook.  (Docs. 47, 50). They advance the following arguments in their motion: 1) Norfleet received constitutionally adequate due process protections; 2) Defendants Baldwin, Benton, and Lashbrook lack sufficient personal involvement with Norfleet's claims to be held liable; and 3) Defendants are entitled to qualified immunity.

Pursuant to an order of the Seventh Circuit Court of Appeals entered after Norfleet filed this lawsuit, he is restricted from filing any papers in courts in this Circuit until he has fully paid all outstanding fees and sanctions imposed against him in any civil actions. *See Norfleet v. Baldwin*, No. 19-1337, Doc. 9 (7th Cir. April 9, 2019).  Because the filing ban remains in effect, Defendants' motion is unopposed.  Although Norfleet's lack of a response could be construed as an admission of the merits of the motion under Local Rule 7.1(c), the Court will review the motion on the merits.

## MATERIAL FACTS

The following undisputed facts are set forth in the filings supporting Defendants' motion (Docs. 47, 47-1, 47-2, 47-3, 47-4, 47-5, 50, 50-1): Norfleet is an inmate within the Illinois Department of Corrections and is currently incarcerated at Menard Correctional Center. A disciplinary ticket was written against him on March 12, 2017 at Big Muddy River Correctional Center for spitting in a nurse's face while she was checking his mouth to ensure he had ingested his medications. The disciplinary ticket, written by Nurse Cassandra Geary, identified C/O Walker and C/O Throgmorton as witnesses. Geary, Walker, and Throgmorton each wrote incident reports regarding the incident. Walker and Throgmorton each wrote a second incident report stating that less than two hours later, Norfleet apologized for spitting on the nurse. Norfleet was served with the disciplinary ticket on March 13, 2017 but refused to sign it. He was transferred from Big Muddy to Menard that day.

The next day, Norfleet wrote a letter to Warden Lashbrook, stating "it never happened," it was a "misunderstanding [that the] nurse took advantage of," and inferring the incident was made up by C/O Throgmorton and others to have him removed from that segregation wing. He requested an investigation.

Menard's Adjustment Committee held a hearing on March 15, 2017 regarding the March 12, 2017 disciplinary ticket. Adjustment Committee Members Brookman and Hart noted that Norfleet did not request any witnesses but did submit a written statement. An addendum written by Norfleet on a copy of the March 14, 2017 letter addressed to Lashbrook states that Norfleet submitted that letter to the Adjustment Committee prior to the hearing.

The Adjustment Committee found Norfleet guilty of assault, insolence, and disobeying a direct order. The basis for the decision is set forth in the Adjustment Committee Final Summary

Report. The Committee recommended that Norfleet be disciplined with one year of c-grade, one year of segregation, one year of commissary restriction, and six months of contact visit restrictions. Upon review by Warden Lashbrook's designee, the Committee's recommendations were accepted and made final. IDOC Director Baldwin and ARB Member Benton were not involved in the disciplinary process at Menard.

Norfleet wrote grievance 43-4-17 regarding his disciplinary ticket and the Adjustment Committee hearing. The grievance officer responded and recommended that it be denied. Warden Lashbrook's designee concurred. Norfleet appealed the grievance to the ARB. ARB Chairperson Melissa Phoenix denied the appeal and IDOC Director Baldwin's designee concurred with the decision. At no time did Benton or Baldwin personally review Norfleet's grievance.

## DISCUSSION

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013).

To establish a violation of the Fourteenth Amendment, a plaintiff must prove that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). When an inmate raises a Fourteenth Amendment procedural due process claim related to disciplinary proceedings, the Court

undertakes a two-part analysis. *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). It first determines whether the inmate was deprived of a protected liberty interest. If so, it must evaluate whether the process he was afforded was constitutionally deficient. *Id.*

Demotion to C-grade status, loss of commissary privileges, and loss of visitation privileges do not implicate a liberty interest. *Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases) (there is no protected liberty interest implicated in demotion to C-grade status or loss of certain privileges); *see also*, *Woody v. Zatecky*, 594 F. App'x 311, 312 (7th Cir. 2015). And an inmate's liberty interest in avoiding segregation is limited. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). That is to say, a protected liberty interest is triggered only when segregation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In assessing whether disciplinary segregation amounts to a constitutional violation, the Court must take into consideration "the combined import of the duration of the segregative confinement *and* the conditions endured." *Hardaway*, 734 F.3d at 743.

A one-year term in segregation merits consideration of a possible constitutional deprivation. However, the record is devoid of a description of conditions of confinement Norfleet was subjected to while in segregation. Without any evidence from which a jury could reasonably conclude that the conditions in segregation were considerably harsher than those of the normal prison environment, a protected liberty issue cannot be found.

Even assuming that a liberty interest was implicated, the undisputed facts and documentary evidence establish that the disciplinary proceeding was not constitutionally deficient. Due process in a prison disciplinary proceeding requires that inmate be given advance written notice of the charge, the right to appear before the hearing panel, the right to call witnesses if prison safety

allows, and a written statement of the reasons for the discipline imposed. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). Due process also requires that the disciplinary decision have at least minimal evidentiary support. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994) (disciplinary decision must be supported by "some evidence"). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs*, 485 F.3d at 941.

Norfleet was provided written notice of the disciplinary ticket on March 13, 2017. He appeared before the Adjustment Committee and submitted a written statement. He did not make a request for witnesses to be called prior to or during the hearing. And the only witness he claims should have been called, C/O Walker, was identified in the disciplinary ticket and wrote two incident reports supporting the allegations against Norfleet. The Committee's Final Summary Report includes the evidentiary basis and reasoning behind the decision and is supported by sufficient evidence. Thus, Norfleet received all the process he was due, Defendants are entitled to summary judgment.[1]

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 46) is **GRANTED**; this case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED: April 5, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[1] Because the Court has determined that there was no Fourteenth Amendment violation in the disciplinary proceedings, it is not necessary to reach a determination as to the issues of personal involvement of Lashbrook, Benton, and Baldwin or Defendants' claim of qualified immunity.